UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JULIE HARTIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA; CITY OF PLYMOUTH; GISLASON, MARTIN, VARPNESS & JANES, BASSFORD REMELE; RICHARD I. DIAMOND, P.A.; KINGDOM EXTERIORS; WESTERN NATIONAL MUTUAL INSURANCE; WESTERN NATIONAL ASSURANCE COMPANY; DAVE MUNDAHL & ASSOCIATES; CROWN RENOVATIONS; W.J. WILSON CONSTRUCTION; CAROLINA MARROQUIN CO.; GARCIA ROOFING/MOISES GARCIA ROOFING; ACUITY INSURANCE; DANIELS & WYMORE, PLLC; HENNEPIN COUNTY; JEFFREY ROBINSON; LEAGUE OF MINNESOTA CITIES,<br><br>    Defendants. | Civil No. 10-3167 (JNE/JJK)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action by filing a 129-page civil complaint, containing 825

numbered paragraphs. (Docket No. 1.) Before service of process was effected, Plaintiff filed an amended complaint, (Docket No. 13), which she was permitted to do "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1).[1] Plaintiff's amended complaint, which is now before the Court, covers 192 pages, and contains 1365 numbered paragraphs of allegations.[2]

As far as the Court can tell, Plaintiff's lawsuit arises out of a home improvement project that went awry. Plaintiff apparently sought recourse against the malfeasant contractors by contacting various municipal and state regulatory authorities, and by initiating a civil action in a Minnesota state court. Evidently, all of those efforts failed to provide the relief that Plaintiff was seeking. Therefore, Plaintiff has now come to the federal court to continue her quest for redress. Plaintiff is presently attempting to sue a host of contractors, insurance companies, lawyers, governmental entities, and others, who allegedly have kept her from securing suitable relief for the damages to her home.

Plaintiff's amended complaint clearly identifies five causes of action, or "counts," that she is attempting to bring against the named Defendants. The five counts listed in the amended complaint are as follows: (1) negligence, (2) "misrepresentation/fraud," (3)

---

[1] Because Plaintiff has now used her one opportunity to amend "as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1), she cannot file further pleadings in this case, unless she first seeks and obtains leave of court in accordance with Fed. R. Civ. P. 15(a)(2), and Local Rule 15.1.

[2] Even if this case did not have to be dismissed for lack of subject matter jurisdiction, it is highly unlikely that Plaintiff's current pleading would be entertained in federal court, because she obviously has not complied with Fed. R. Civ. P. 8. Rule 8(a)(2) requires federal complainants to present "a short and plain statement of the claim," and Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." (Emphasis added.) Plaintiff's current pleading does not meet those requirements.

2

defamation, (4) "unreasonable and outrageous actions," and (5) breach of contract. Plaintiff is seeking compensatory damages in the amount of $674,000.00, as well as punitive damages. In addition, Plaintiff is asking the court to help her prosecute this lawsuit by appointing counsel to represent her, assisting her with discovery, restricting Defendants' discovery, printing and publishing court records, and prohibiting the Defendants from working together on their defenses. Plaintiff also wants the Court to "investigate" whether Defendants have committed any federal crimes, or violated any rules of Professional Responsibility.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, Plaintiff is seeking relief against Defendants based on several state common-law causes of action. Plaintiff's complaint lists four common-law tort claims, (negligence, misrepresentation/fraud, defamation, and "unreasonable and outrageous actions"), and a breach of contract claim. None of these claims is based on federal law. Therefore, subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331.

3

The Court recognizes that the amended complaint alludes to "federal civil rights" claims, but the claims actually presented in Plaintiff's pleading are <u>not</u> federal civil rights claims – they are common-law tort claims, and a common-law breach of contract claim. Moreover, the Court cannot discern any federal law claim that could be predicated on the allegations set forth in the amended complaint.

The Court also recognizes that Plaintiff is asking the Court to "investigate" whether Defendants have committed any federal crimes, and she apparently wants any such crimes to be prosecuted (somehow) as part of this civil action. That request obviously cannot be accommodated, because federal courts have no authority to conduct "investigations," or prosecute federal crimes. The courts do not decide whether an individual should be charged with a crime; that is the responsibility of the executive branch. <u>See</u> <u>United States v. Nixon</u>, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); <u>United States v. Smith</u>, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), <u>cert</u>. <u>denied</u>, 532 U.S. 1019 (2001). The possible occurrence of a federal crime does not establish federal subject matter jurisdiction in a civil action. If Plaintiff believes that any Defendant has committed a federal criminal offense, she should contact the United States Attorney, and ask him to investigate the matter, and initiate any criminal prosecution that might be warranted.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in <u>different</u> states, and (ii) "the matter in controversy

4

exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the amended complaint shows that Plaintiff is a citizen of Minnesota, and that most (if not all) of the named Defendants are also citizens of Minnesota. Thus, there obviously is no diversity of citizenship in this case.

## III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3] Having determined that this action must be dismissed for lack of subject matter jurisdiction, the Court will also recommend that Plaintiff's pending motion for an extension of time to effect service of process, (Docket No. 3), be denied as moot.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for extension of time, (Docket No. 3), be **DENIED AS MOOT**;

and

---

[3] The dismissal of this action for lack of jurisdiction will not preclude Plaintiff from pursuing her state law claims in state court. However, Plaintiff's current pleading suffers from other defects, besides just lack of subject matter jurisdiction. Most notably, the complaint is simply too verbose, convoluted , and confusing. (See n. 2, supra.) Therefore, Plaintiff is strongly encouraged to retain a lawyer before pursuing any further court actions.

3. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: August 9, 2010

        *s/ Jeffrey J. Keyes*
        JEFFREY J. KEYES
        United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 23, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.